UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID LIONEL FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:19-cv-3406-JMS-MJD |
| | ) | |
| CARLA A. KILGORE, | ) | |
| JENNA WARD, and | ) | |
| KATHRYN M. ESCHMANN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On September 12, 2019, the Court granted Plaintiff David Lionel Fowler's Motion for Leave to Proceed *In Forma Pauperis*, dismissed his Complaint without prejudice, and granted him leave to file an amended complaint. [Filing No. 11.] Mr. Fowler has now filed a document titled "Motion Rule 8," [Filing No. 12], and, because it appears that he is attempting to set forth allegations against Defendants in the Motion, the Court will construe the Motion as an amended Complaint.[1] Mr. Fowler has also filed a Motion for Summary Judgment and Memorandum in Support. [Filing No. 13; Filing No. 14.] This Order screens the Construed Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), dismisses it with prejudice, and denies the remaining motion as moot.

### I.
#### SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is

---

[1] In addition, the fact that Mr. Fowler filed his "Motion Rule 8" within a day of the deadline for filing an amended complaint indicates that he may have intended it to be an amended complaint.

1

frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.
### DISCUSSION

Mr. Fowler's Construed Amended Complaint appears to contain several sections, the first titled "Motion Failure of Consideration." [Filing No. 12 at 2.] This section discusses what constitutes a failure of consideration and contains quoted material from various court cases and legal treatises. [Filing No. 12 at 3-5.] In the next section, labelled "Motion Inculpatory Evidence," Mr. Fowler alleges that he was involved in an automobile accident that resulted in life-threatening injuries and hospitalization. [Filing No. 12 at 6.] The next section is called "Motion omission of guilt," and Mr. Fowler alleges therein that he "suffered a second life threatening injury" while in the hospital, which was caused by the doctors "disregarding a medical diagnosis and standard medical care." [Filing No. 12 at 7.] He states that he was never "informed of the dangerous life threatening staphylococcus . . . infl[i]cting more pain with willful malicious premeditated intentions to cover up the whole criminal incident by false medical diagnosis." [Filing No. 12 at 7.] The section also contains what appears to be a list of notes from his medical records, as well as legal terms and definitions, and Mr. Fowler appears to

assert that his medical records were falsified and disclosed without his consent. [Filing No. 12 at 7-11.] Finally, in a section titled "Motion closing arguments," Mr. Fowler appears to assert that Defendants were liable for a "medical misdiagnosis" and violation of the Health Insurance Portability and Accountability Act ("HIPPA"). [Filing No. 12 at 11-12.] He appears to assert that the doctors' error resulted in staphylococcus and violated his rights to "standard medical care," and that the "false disclosure" of his medical information was used as a tool to "falsely discharge him from the hospital." [Filing No. 12 at 11.]

The Court's September 12 Order identified two problems with Mr. Fowler's initial Complaint that warranted dismissal: (1) HIPPA does not create a private right of action; and (2) Mr. Fowler's remaining allegations did not demonstrate a claim over which the Court had jurisdiction, as he did not state a federal or constitutional claim or establish diversity between the parties. [Filing No. 11 at 3.] These problems persist in Mr. Fowler's Construed Amended Complaint. Again, he cannot state a claim under HIPPA, because HIPPA does not provide a private right of action. *See Carpenter v. Phillips*, 419 Fed. App'x 658, 659 (7th Cir. 2011).

In addition, Mr. Fowler's remaining allegations do not provide the Court with a basis to assert its jurisdiction. Mr. Fowler has provided no information about the citizenship of the parties, so the Court cannot conclude that diversity jurisdiction exists. More importantly, Mr. Fowler's allegations fail to state a federal claim upon which relief can be granted. Although he generally asserts that doctors failed to observe the appropriate standard of care and falsified or disclosed his medical records, he does not identify a federal cause of action or state actor and does not allege specific facts that would allow the Court to draw the inference that any of the named Defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a

3

few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." (emphasis in original)). Accordingly, Mr. Fowler's Construed Amended Complaint is insufficient and must be **dismissed**. Furthermore, because Mr. Fowler has been given an opportunity to cure these defects and has failed to do so, the dismissal will be **with prejudice**. *See e.g., Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) (explaining that, while leave to amend should generally be given freely, that principle is not without limits, and leave to amend need not be granted where a party has failed to cure deficiencies despite previous opportunities to amend).

### III.
#### CONCLUSION

Based on the foregoing, Mr. Fowler's Construed Amended Complaint, [12], is **DISMISSED WITH PREJUDICE**. His Motion for Summary Judgment, [13], is **DENIED AS MOOT**. Final judgment shall issue accordingly.

Date: 10/21/2019

*[signature: Jane Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

David Lionel Fowler
2350 Grace Street
Benton Harbor, MI 49022